UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:18CV-P186-JHM

MAURICE W. SYDNOR                                                                             PLAINTIFF

v.

LOUISVILLE POLICE DEPARTMENT *et al.*                              DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Maurice W. Sydnor filed the instant *pro se* 28 U.S.C. § 1983 action proceeding *in forma pauperis*. Plaintiff's original complaint was not filed on the correct Court-approved form for prisoner cases filed pursuant to 42 U.S.C. § 1983/*Bivens v. Six Unknown Fed. Narcotics Agents*. Therefore, by Order entered May 1, 2018, the Court ordered Plaintiff to re-file his complaint on the correct form and directed that Plaintiff must include all claims he wished to assert in this action because the complaint filed on the prisoner form would supersede the original complaint (DN 4). Plaintiff filed an amended complaint in compliance with the Court's Order (DN 9).

This matter is before the Court on the initial review of the amended complaint pursuant to 28 U.S.C. § 1915A. Upon review of the amended complaint, the Court will dismiss the action for the reasons stated herein.

**I. SUMMARY OF ALLEGATIONS**

Plaintiff, a convicted inmate currently housed at the Manchester Federal Correctional Institution, sues the following Defendants: "Louisville Police Department," which the Court construes as the Louisville Metro Police Department (LMPD); Kentucky State Police (KSP); Larry Uriah Walker, identified as an employee of KSP; "Alcohol Tobacco and Firearms," which

the Court construes as the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF); and Todd Edward Tremaine, identified as an employee of ATF. Plaintiff sues Defendants Walker and Tremaine in their official capacities only.

Plaintiff states that on June 10, 2016, he was awakened by officers from LMPD, KSP, and ATF entering the home of his child's mother. He states that he came down the stairs to see what was going on and he was "told to get down on the ground with multiple guns pointed at me . . . ." Plaintiff reports that he complied and that "as soon as Im on the ground not aware of what is going on after I am cuffed and ordered to stand up the police are already running around the house searching for things." He asserts that Defendant Walker had a search warrant and that he told him "why he is at my son's mothers house and that I am in the middle of an investigation of a friend of mine's so do I wanna help myself out . . . ." Plaintiff states that he declined. He maintains that they found "some riffles upstairs in a bedroom and take me to jail not once was I advised of my constitutional rights not even when they were booking me into the jail." He continues, "I was put in cuffs restraining me from my freedom as soon as the officer entered my sons mothers home. I was profield because they were looking for someone named Black no real name just some one by the nick name 'Black' and automatically assumed it be me." He states that the officers "tore up" the rental property and caused him "mental and physical pain and anguish" He concludes, "I was also under false arrest."

As relief, Plaintiff seeks compensatory and punitive damages and amendment of his sentence.

**II. STANDARD**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any

portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

The Court construes the amended complaint as alleging claims of illegal search and seizure and false arrest in violation of the Fourth Amendment. Plaintiff's arrest occurred on June 10, 2016. Section 1983 does not contain its own statute of limitations period, but it is well settled that constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Though the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 519 (6th Cir. 1997)). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citing *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (internal quotation marks and citations omitted)). A claim of unlawful search and seizure under the Fourth Amendment accrues at the time of the alleged search and seizure. *See Harper v. Jackson*, 293 F. App'x 389, 392 n.1 (6th Cir. 2008) ("Harper's claims thus accrued on July 31, 2003, the date of the alleged illegal search and seizure."); *Michel v. City of Akron*, 278 F. App'x 477, 480 (6th Cir. 2008) ("[T]he statute of limitations on Michel's Fourth Amendment claims began to run from the search on November 23, 2004.").

In the case at bar, the one-year statute of limitations on Plaintiff's Fourth Amendment claim for illegal search and seizure accrued on June 10, 2016, the date of the alleged illegal search and seizure. The limitations period, therefore, expired one year later on June 10, 2017. Because the original complaint was not filed until March 21, 2018,[1] more than nine months after the expiration of the limitations period, it is obvious on the face of the complaint and amended

---

[1] Under the "prison mailbox rule," "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). While Plaintiff does not state on what date he handed over the original complaint to prison officials for mailing, he signed the original complaint on March 21, 2018, and the Court will construe it as being filed on that date.

complaint that Plaintiff's claims for illegal search and seizure are untimely and must be dismissed as frivolous.

Plaintiff also asserts a claim for false arrest. "[A] claim for wrongful arrest under § 1983 accrues at the time of the arrest or, at the latest, when detention without legal process ends." *Fox v. DeSoto*, 489 F.3d at 233 (citing *Wallace v. Kato*, 549 U.S. at 388). Therefore, Plaintiff's statute of limitations on this claim began to run on the date of his arrest, or at the latest on the date when Plaintiff was arraigned, which presumably was just a matter of days later. The statute of limitations, therefore, expired on or about June 10, 2017, and Plaintiff's claim for false arrest is also time-barred and must be dismissed as frivolous.

Furthermore, to the extent that Plaintiff is alleging a separate claim for racial profiling, the claim also accrued on the date of Plaintiff's arrest. *See Graves v. Burns*, No. 3:15-cv-712-DJH, 2016 U.S. Dist. LEXIS 88464, at *12 (W.D. Ky. July 8, 2016) (citing *Delaney v. Johnson City, Tenn. Police Dep't*, No. 2:09-CV-269, 2011 U.S. Dist. LEXIS 11784, at *8 (E.D. Tenn. Feb. 4, 2011)). Therefore, a claim for racial profiling is also time-barred.

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date: September 4, 2018

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
4414.010